## UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| THOR INDUSTRIES, INC. and THOR TECH, INC., <br>     Plaintiffs, <br><br> v. <br><br> WINNEBAGO INDUSTRIES, INC. and WINNEBAGO OF INDIANA, LLC, <br>     Defendants. | ) <br> ) <br> ) <br> ) CASE NO.: <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMAND** <br> ) |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Thor Industries, Inc. and Thor Tech, Inc. (collectively referred to herein as "Thor"), for its Complaint against Defendants, Winnebago Industries, Inc. and Winnebago of Indiana, LLC (collectively referred to herein as "Winnebago"), allege and state, upon information and belief:

**The Parties:**

1. Thor Industries, Inc. is a corporation organized under the laws of the State of Delaware, having a principal place of business at 601 East Beardsley Avenue, Elkhart, Indiana 46514.

2. Thor Tech, Inc., is a corporation organized under the laws of the State of Nevada, having a principal place of business at 601 East Beardsley Avenue, Elkhart, Indiana 46514. Thor Tech, Inc. is a wholly owned subsidiary of Thor Industries, Inc.

3. Winnebago Industries, Inc., is a corporation organized under the laws of the State of Minnesota, having a principal place of business at 13200 Pioneer Trail, Eden Prairie, MN 55347.

1

4. Winnebago of Indiana, LLC is a company organized under the laws of the State of Iowa, having a principal place of business at 201 14th Street, Middlebury, Indiana 46540. Winnebago of Indiana, LLC is a wholly owned subsidiary of Winnebago Industries, Inc.

**Jurisdiction and Venue:**

3. This is an action for patent infringement under 35 U.S.C. §§271, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338.

4. This Court has personal jurisdiction over both Defendants. Winnebago of Indiana, LLC has maintained a regular and established place of business in this judicial district at which it manufactures and sells the products accused of patent infringement herein. Defendants have each advertised, used, and sold the products which are accused of patent infringement within this judicial district. Thus, venue is proper in this judicial district under 28 U.S.C. §§1391(b)(2) and 1400(b).

**The '543 Patent:**

5. Thor owns all right, title, and interest in and to United States Patent Nos. 7,775,543, a copy of which is attached hereto as Exhibit 1. That patent was duly and legally issued on August 17, 2010. This patent is referred to herein as the '543 patent.

6. In general, the '543 patent is directed to fifth-wheel type travel trailers having a special reflector on the front of the trailer body which facilitates positioning of the hitch of the towing vehicle with respect to the trailer when the towing vehicle is backing up to be connected to the trailer, and providing what is referred to as "Hitch Vision."

7. In particular, the '543 patent covers travel trailers having arrangements such as this trailer (shown with its towing vehicle), viewed from the left side and top, respectively, as shown in Figures 1 and 2 of the '543 patent:



FIG. 1



FIG. 2

8. The special reflector (denoted by number "22" in the '543 patent) is, for example, mounted to the front portion of the trailer body, often referred to as the front end "cap" of the trailer, as shown in Figure 3 of the '543 patent:



FIG. 3

9. Using this reflector at this location on the trailer provides fifth wheel travel trailers with certain functional advantages over prior travel trailers, especially with respect to ease of the towing connection. At least some of these advantages are described in the '543 patent.

10. Claim 1 of the '543 patent defines an invention having the following elements/features:

A. a trailer intended to be towed by a vehicle with a vehicle hitch assembly,

    B. the trailer body having an elevated front portion,

    C. a mounting arrangement extending downward from the front portion,

    D. a reflector integral with the front portion,

    E. the reflector facing forward and downward such that the driver of the towing vehicle may view the reflection of the hitch assembly and mounting arrangement as the towing vehicle is backed up,

    F. that view serving to facilitate positioning of the towing vehicle for connection to the trailer, and

    G. the reflector is mounted to the trailer body surface and not extending outwardly from that surface such that the likelihood of damage to the reflector in use is reduced.

11. The invention claimed in the '543 patent has been used by Thor and/or its related business entities on recreational vehicles. The invention claimed in the '543 patent can contribute significantly to increased sales of recreational vehicles using it. The Hitch Vision invention claimed in the '543 patent has been prominently advertised by Thor and/or its related business entities for the purpose of increasing sales of their recreational vehicles, as shown in Exhibit 4 attached hereto, a brochure distributed by Keystone RV (a Thor company).

**The Accused Products of Winnebago:**

12. Winnebago makes, uses, and sells a line of fifth-wheel travel trailers which it refers to as the "Voyage" model trailers. A copy of a Winnebago advertisement for this line of trailers is attached hereto as Exhibit 2. At the September, 2019 RV Industry Open House in Elkhart, Indiana,

Winnebago introduced its "brand new Voyage Fifth Wheel," and Winnebago has continued to advertise and market that product on the internet via YouTube, such as shown at https://www.youtube.com/watch?v=awNr8Ed4Z4k. The Voyage fifth-wheel trailer shown in that internet advertisement and at least floor plan #s V2932RL, V3436FL, V3639BHL, and V3134RL of Exhibit 2 are accused herein of infringing the '543 patent.

13. Using the Voyage fifth-wheel trailer drawing shown on page 2 of Exhibit 2, the corresponding equivalent enumerated elements of Claim 1 of the '543 patent are shown below:



Fig. 1

14. Using the following photos of actual various Voyage fifth-wheel trailers, enumerated elements E, F, and G are also shown, in that the reflector is facing forward and downward, and is

highly reflective, and mounted to the trailer body surface without extending outwardly therefrom:



Fig. 2



Fig. 3



Fig. 4

Accordingly, the reflector of these Voyage fifth-wheel trailers is arranged such that the driver of the towing vehicle may readily view the reflection of the hitch assembly and mounting arrangement as the towing vehicle is backed up, and that view can serve to facilitate positioning of the towing vehicle for connection to the trailer.  Winnebago's dealer customers have recognized the presence of that "back-up assist mirror" feature when advertising for the infringing products.  E.g., https://www.youtube.com/watch?v=xFQo6MHe7rY, starting at 0:24 seconds.

15. Therefore, each and every element of at least Claim 1 of the '543 patent is presently found, either literally or under the "doctrine of equivalents" (as that phrase is understood in the context of U.S. Patent law), in the Voyage fifth-wheel products made, used, and/or sold by Winnebago.  Accordingly, Winnebago is infringing upon the '543 patent.

16. Since the issue date of the '543 patent, Winnebago has also made, used, and/or sold a "Spyder" brand of fifth-wheel travel trailers which incorporates the claimed invention of the '543 patent in substantially the same manner as with the accused Voyage fifth-wheel products. For example, Exhibit 5 hereto is a copy of a brochure of such products, published by Winnebago. The front, left perspective view of the Spyder product on page 1 of Exhibit 5 shows the mirror at the corresponding location of Element D, referred to in ¶12 above. The corresponding reflective functionality of this Spyder product, which serves as a hitch mirror, is similarly shown in Winnebago's dealer advertisements, such as https://www.youtube.com/watch?v=1fYu53dJtj0 , particularly at 9-24 seconds into that video.

17. As made by Winnebago, there is no significant non-infringing use of the accused products. Winnebago sells these infringing products to third parties with the specific intent that those third parties use the infringing products in violation of the '543 patent. Those third parties do in fact use the infringing products in that way, and Winnebago is aware of that. Accordingly, those third parties are also infringing the '543 patent. As discussed further below, Winnebago has known about the '543 patent and that Thor considers the accused products to infringe that patent. Therefore, Winnebago is contributing to and inducing such infringement by those third party users.

18. Winnebago is a direct competitor of Thor in the sale and marketing of fifth-wheel trailers as recreational vehicles. Winnebago has generated significant revenue and profit for itself by sales of the infringing products. In doing do, Winnebago has deprived Thor of the opportunity to obtain those sales. Accordingly, Winnebago's patent infringement has caused economic damage to Thor, and/or has provided economic gain for Winnebago. Therefore, Winnebago is liable to Thor for monetary damages and/or a reasonable royalty on account of the patent infringement.

**Winnebago's Actions have been Wilful and Deliberate:**

19. On several occasions, Thor informed Winnebago that it was infringing upon the '543 patent, including by telephone conference between Todd Woelfer (then General Counsel for Thor Industries, Inc.) and Stacy Bogart (General Counsel for Winnebago Industries, Inc.) in early September 2021. Following up from that, on September 28, 2021, Thor sent written correspondence to Winnebago, alerting it of specific details of the patent infringement issues, the need for immediate action, and attempting to resolve the dispute without litigation. A copy of that correspondence is attached hereto as Exhibit 3.

20. In response to the infringement notice of Exhibit 3, on October 26, 2021, Winnebago informed Thor that "Winnebago stopped producing the Voyage fifth wheel trailer in early 2021, so we consider this matter closed." A copy of Winnebago's correspondence doing so is attached hereto as Exhibit 6.

22. No attempt was made by Winnebago to compensate Thor for damages caused by the past infringement of the '543 patent.

23. Moreover, Winnebago did not stop using and offering to sell the accused products. For example, even as of January 26, 2022, Winnebago continued to offer for sale the accused Voyage fifth-wheel products, prominently showing the patented Hitch Vision mirror, via Winnebago's internet web site, https://www.winnebago.com/models/product/towables/fifth-wheel/voyage. Exhibit 7 hereto is a copy of a computer screen shot of the advertisement.

24. Further, Winnebago did not merely continue to use the accused products to attempt to sell more fifth-wheel trailers, it also continued to use the accused products to foster additional sales of ALL of its products, towable and motorized. For example, at Winnebago's internet web site for

10

its complete line of motorhomes, as well as towable trailers, https://www.winnebago.com/models?floorplans=true&integratedCompare=true, Winnebago listed the Voyage fifth-wheel as one of its models for sale (See Exhibit 8 hereto, a copy of a computer screen shot of the advertisement dated 1/26/2022). It also incorporated the accused Voyage fifth-wheel products prominently into a demonstrative video which focused on Winnebago's comprehensive product offerings (See Exhibit 9 hereto, a copy of a computer screen shot of video advertisement dated 1/26/2022). That video is also accessible via a YouTube listing: https://www.youtube.com/watch?v=7vMcD-C73Z4. That video is 9:29 (minutes/seconds) in length. The accused Voyage fifth-wheel products are featured approximately in 15% of the video, including a special discussion of those products starting at approximately 6:59 and ending approximately 8:20.

25. Winnebago intentionally continued to offer for sale the accused Voyage products so that it could induce customers to believe it was selling "every type of towable," as mentioned in the aforementioned YouTube video at approximately 1:03. Winnebago induced customers to believe it had a full line of RV products for sale, including fifth-wheel trailers, so that customers would have greater respect and confidence in Winnebago as a company, and be more likely purchase any of Winnebago's products. Winnebago also induced customers to believe it had a full line of RV products for sale, including fifth-wheel trailers, so that customers who were likely to be repeat purchasers would believe they could stay with the same RV manufacturer as their RV product needs changed over time, and, thus, those customers would be more likely to purchase Winnebago RV products. Winnebago continued to use the accused Voyage products for both types of inducement.

26. Winnebago continued to use of the accused Voyage for many months after it represented as a fact to Thor that it had stopped producing those products. That representation of fact by

11

Winnebago was made for the purpose of inducing Thor to rely upon that representation and thereby drop its claim of patent infringement and forego seeking significant monetary damages and an injunction against further patent infringement. At the time that representation was made, Winnebago knew that it was continuing to use the accused Voyage products to sell RVs. Thereby, Winnebago knew that representation was false and/or misleading to Thor, and Winnebago intended it to be so.

27. Accordingly, Winnebago is wilfully and deliberately continuing its infringement of the '543 patent, without any valid justification or excuse. This infringement is likely to continue unless Winnebago is enjoined from that infringement by this Court.

28. Further, by so representing to customers and potential customers that it has the accused Voyage fifth-wheel products for sale, when it has instead ceased all production of such products, Winnebago is in violation of 15 U.S.C. §1125(a)(1)(B). More specifically, Winnebago is making false and misleading descriptions of fact concerning its own product line which are likely to cause confusion, mistake or deception, and which misrepresent the nature, characteristics, and qualities of Winnebago's overall product line of goods and its commercial activities.

29. More specifically, the above-referenced internet advertisements by Winnebago, where it continues to offer for sale and/or display and/or mention the accused Voyage fifth-wheel products, are made in interstate commerce for the purpose of generating sales of RVs in interstate commerce or commerce regulated by Congress.

30. Such advertisements by Winnebago are literally false or likely to lead customers and potential customers into believing that Winnebago is continuing to produce the accused Voyage fifth-wheel products, and/or that those products are actually available for purchase from Winnebago, and/or that Winnebago is a RV manufacturer of sufficient depth and scope that investment/purchase

in its product line is worthwhile for the customer even if the accused Voyage fifth-wheels were not being purchase at the present time, because of the potential for future purchase of such products from Winnebago.

31. Such belief by customers and potential customers is important to the RV purchasing decision by many such persons, as discussed above in ¶25. Accordingly, deceiving customers and potential customers into having that belief is material to the RV purchasing decision, even where the RV being purchased is not one of the accused Voyage fifth-wheel products.

32. Even if potential customers subsequently discover that Winnebago does not sell the accused Voyage fifth-wheel products any longer, continuing to offer those products for sale as described above is likely to lead to "initial interest confusion," which results in sales by Winnebago which would not otherwise have occurred.

33. Purchasers of Winnebago products often comparatively shop other brands of RVs, incident to the RV purchasing decision. In doing so, such customers frequently examine comparable Thor RVs. If a customer does not purchase a Winnebago fifth-wheel product, there is a significant likelihood that the customer would purchase a Thor fifth-wheel product. Thus, the misrepresentations by Winnebago described above are likely to divert sales from Thor. Accordingly, there is a likelihood of harm to Thor caused by Winnebago's misrepresentation of fact and/or misleading descriptions of fact concerning its offering to sell the accused Voyage fifth-wheel products.

34. Many purchasers of fifth-wheel RVs carefully research the companies they purchase from, including seeking information available in public records. Winnebago's misrepresentation of fact about continuing to sell the Voyage fifth-wheel products is also set forth even on page 5 of its

13

10-K form filed with the Securities and Exchange Commission on October 20, 2021. This is a violation of 37 C.F.R. §240.10b-5(b). Winnebago's 10-K forms are publically available documents which can be reviewed by prospective purchasers of Winnebago's RVs.

35.  Upon information and belief, customers have actually been deceived by these advertisements by Winnebago, and Thor has actually lost sales to Winnebago as a result of this misrepresentation by Winnebago. Thor has thereby suffered additional monetary damage based upon Winnebago's overall sales of RV products, even when none of the accused Voyage fifth-wheel products have been sold by Winnebago. Further, Winnebago has been unjustly enriched by these false and misleading advertisements.

36.  Alternatively, Winnebago has not actually ceased production of the accused Voyage products, but is merely suffering a temporary lack of sales, and remains fully willing and able to resume production of the accused Voyage products if and when a customer places an order for such products. Thus, Winnebago's continued use of the accused Voyage products in its advertising would not be a form of false advertising under 15 U.S.C. §1125(a)(1)(B), and Winnebago's representation of cessation of production would instead merely be an attempt at defrauding Thor. In that situation, however, Winnebago would be a wilful infringer of the '543 patent.

**The Relief Sought:**

Accordingly, Thor requests that this Court enter judgement in Thor's favor against Winnebago and Order that:

> a. Winnebago (including all those acting in concert with it) is permanently enjoined from infringing the '543 patent,

b. Winnebago is required to pay money damages to Thor sufficient to compensate Thor for the damages it has suffered as a result of the infringement and false advertising, or, alternatively, sufficient to remove from Winnebago the monetary gain it has obtained from the infringement and false advertising, or alternatively, pay a reasonable royalty to Thor on account of the infringement and false advertising,

c. All infringing products in existence shall be recalled for physical modification to remove the Hitch Vision feature and/or turned over to Thor for destruction,

d. All advertisements and marketing materials describing the infringing products shall be recalled (and/or removed from public access) and turned over to Thor for destruction, and

e. Award Thor all such other relief as is just and appropriate, including for Winnebago's willful infringement, up to triple damages and reasonable attorney fees for this lawsuit.

**The Trier of Facts:**

Thor requests a trial by jury on all issues so triable.

February 15, 2021

Respectfully submitted,

s/Ryan M. Fountain

_____
Ryan M. Fountain (Attorney No 8544-71)
420 Lincoln Way West
Mishawaka, Indiana 46544

                Tel.: 574-258-9296
                Fax: 574-247-1237
                Email: RyanFountain@aol.com

                Attorney for Plaintiffs

**INDEX OF EXHIBITS**

Exhibit 1    U.S. Patent 7,775,543

Exhibit 2    Voyage Fifth Wheel advertisement

Exhibit 3    September 28, 2021 letter to Winnebago

Exhibit 4    2006 Cougar advertisement by Keystone

Exhibit 5    Spyder Fifth Wheel advertisement

Exhibit 6    October 26, 2021 Response to Ex. 3

Exhibit 7    Screen Shot referred to in ¶23 of Complaint

Exhibit 8    Screen Shot referred to in ¶24 of Complaint

Exhibit 9    Screen Shot also referred to in ¶24 of Complaint